IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEPHANIE N. BROWN                                                                    PLAINTIFF

v.                                       Case No. 4:14-cv-00253-KGB

STATE OF ARKANSAS, *et al*.                                                       DEFENDANTS

ORDER

Before the Court is a motion for sanctions, including dismissal of plaintiff's complaint, filed by defendants the State of Arkansas, Arkansas Department of Health, Zenobia Harris, and Vickie Jones (collectively, "ADH defendants") (Dkt. No. 45). Plaintiff Stephanie Brown has responded to the ADH defendants' motion (Dkt. No. 60). For the following reasons, the motion for sanctions is granted in part (Dkt. No. 45). This is a close decision with which the Court has wrestled. The Court determines that, based on the facts, the Court likely could dismiss with prejudice Ms. Brown's claims without the need to investigate whether a less extreme sanction would suffice. However, at this point, the Court will impose a less extreme sanction in an effort to bring Ms. Brown into compliance with the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's Orders. The Court denies Ms. Brown's motion to appoint counsel, motion for leave to proceed *in forma pauperis*, and motion to claim and exercise constitutional rights (Dkt. Nos. 58, 59, 64).

I.      Background

Ms. Brown filed this action on April 24, 2014 (Dkt. No. 1). She was initially represented by Luther Oneal Sutter. In January and February of 2015, Ms. Brown sent letters to the Court regarding disagreements she had with Mr. Sutter's representation of her, and on April 21, 2015, Mr. Sutter moved to withdraw as Ms. Brown's counsel (Dkt. No. 16). The Court granted Mr.

Sutter's motion to withdraw and stayed this action until Ms. Brown informed the Court as to how she wished to proceed (Dkt. No. 17).  On May 19, 2015, Ms. Brown informed the Court that she wished to proceed *pro se* (Dkt. No. 21). The Court lifted the stay and informed Ms. Brown that, while she is not a lawyer, she is subject to certain rules and procedures, and she is expected to be familiar with and follow the Federal Rules of Civil Procedure (Dkt. No. 22).

On August 31, 2015, Ralph Washington filed an entry of appearance on behalf of Ms. Brown (Dkt. No. 26).  On November 5, 2015, Mr. Washington, on Ms. Brown's behalf, and counsel for the ADH defendants filed a joint motion for extension of deadlines and scheduling order, which the Court granted (Dkt. Nos. 27; 28).  The Court received a letter from Ms. Brown dated February 2, 2016, along with a *pro se* motion for Mr. Washington to be removed as her counsel.  In her letter, Ms. Brown informed Mr. Washington that "[i]t is my belief I have completed and submitted the requested interrogatories but you are refusing to accept my answers to the interrogatories."[1]  Ms. Brown's conduct regarding the interrogatories propounded by the ADH defendants is central to the pending motion for sanctions.

Mr. Washington filed a motion to withdraw as Ms. Brown's counsel on February 5, 2016 (Dkt. No. 30).  Mr. Washington also sent the Court a letter dated February 5, 2016, in which he provided the Court with a response that he sent to Ms. Brown in response to her February 2, 2016, letter to him.[2]  In his letter to Ms. Brown, Ms. Washington recounted Ms. Brown's apparent unwillingness to sit for a deposition.  He also chastised Ms. Brown for refusing to complete discovery requests submitted to her by the ADH defendants in September 2015.  According to Mr.

---

[1] Ms. Brown's letter is in the Court's file and a copy was provided to Ms. Brown and the ADH defendants.

[2] Mr. Washington's letter is in the Court's file and a copy was provided to Ms. Brown and the ADH defendants.

Washington, Ms. Brown "never came in to complete the discovery responses, even though [she] promised to do so." In response to Ms. Brown's accusation regarding his alleged use of an improper tone with her, Mr. Washington wrote, "[i]f anything, my tone demonstrated the importance and/or urgent need for you to complete the answers to the discovery requests, and for you to give me a date for your deposition."

Before the Court ruled on Mr. Washington's motion to withdraw, Ms. Brown filed a *pro se* motion for a protective order, in which she stated that:

> On or about January 28, 2016, Plaintiff received notice from Mr. Washington via phone that opposing counsel had initially scheduled Plaintiff for a deposition for February 1, 2016, However Plaintiff communicated to Mr. Washington that wasn't feasible d[ue] to the fact of short notice. On or about February 5, 2016, Plaintiff received Deposition scheduled for February 17, 2016 from Mr. Washington.

(Dkt. No. 31, at 1). The Court granted Mr. Washington's motion to withdraw and stayed this action for 30 days, until Ms. Brown informed the Court whether she had obtained new counsel or wished to proceed *pro se* (Dkt. No. 32). The Court granted in part and denied in part Ms. Brown's *pro se* motion for a protective order (Dkt. No. 33). Specifically, the Court concluded that:

> [T]o the extent that Ms. Brown requests that the Court order the parties to reschedule her deposition, her motion is granted. Ms. Brown's deposition will be rescheduled to a date after the stay is lifted. Within 45 days from the date that this Order is entered, the parties must inform the Court as to whether they have reached agreement on a date for Ms. Brown's deposition. If they have not, the Court will schedule the deposition, after hearing argument from the parties.

(Dkt. No. 33, at 1).

Ms. Brown informed the Court that she intended to proceed *pro se* on March 29, 2016 (Dkt. No. 34). On April 1, 2016, the ADH defendants filed a response to the Court's Order granting in part Ms. Brown's motion for a protective order, in which they alleged that Ms. Brown refused to cooperate in scheduling her deposition (Dkt. No. 35). The ADH defendants recounted the same difficulties described by Mr. Washington in his February 5, 2016, letter to the Court. The ADH

defendants claimed that their troubles intensified after Mr. Washington's motion to withdraw was granted.  According to the ADH defendants, on March 4, 2016, they sent Ms. Brown a letter requesting that she contact them to discuss potential dates for her deposition (*Id.*, ¶ 5).  On March 30, a day after informing the Court that she wished to proceed *pro se*, Ms. Brown sent the ADH defendants a letter declining to discuss possible deposition dates (*Id.*, ¶ 6).  After receiving Ms. Brown's letter, counsel for the ADH defendants called and left a message for Ms. Brown to discuss discovery matters and deposition dates (*Id.*, ¶ 7).  Ms. Brown did not return counsel's call (*Id.*). As of the date of filing their pleading, the ADH defendants claimed that they were "unable to confirm a date for Plaintiff's deposition or to communicate with Plaintiff concerning an agreeable deposition date and to confer concerning discovery matters" (*Id.*, ¶ 8).

After receiving the notice from Ms. Brown and reviewing the information submitted by the ADH defendants regarding their discovery disputes, the Court lifted the stay in this action and directed Ms. Brown to confer with counsel for the ADH defendants to schedule and to sit for a deposition within 30 days (Dkt. No. 36).  In response to the Court's Order, Ms. Brown filed a letter she sent to opposing counsel dated April 22, 2016, indicating that she was available for a deposition on May 16, 2016, and requesting that defendants provide her with a copy of the 26(f) Report and "a copy of the interrogatories that Mr. Washington stated that you had prepared to submit to him" (Dkt. No. 37, at 1).

In the days before Ms. Brown's scheduled deposition, the parties submitted several disputes to the Court.  Ms. Brown filed a motion to disqualify opposing counsel and a motion to compel (Dkt. Nos. 39; 40).  The Court denied both motions (Dkt. No. 44).  Ms. Brown also submitted additional information for the Court to review (Dkt. No. 41).  Included in the information submitted by Ms. Brown was a letter Ms. Brown sent to opposing counsel dated April 26, 2016,

in which Ms. Brown indicates that the parties agreed to meet and exchange discovery responses on May 6, 2016 (*Id.*, at 2).  Also included in Ms. Brown's filing is a letter from Ms. Brown to opposing counsel dated May 6, 2016—the same day that Ms. Brown was supposed to be exchanging her discovery responses with the ADH defendants—in which Ms. Brown voices her "presumption that there is another set of interrogatories out there" from when she was represented by Mr. Sutter (*Id.*, at 4).  She indicates that "[t]hese issues need to be resolved before the process of discovery is to continue, giving my right to due process of law" (*Id.*).

In response to these filings, on May 12, 2016, the ADH defendants filed a motion to quash subpoenas, motion to compel, and request for order on discovery matters (Dkt. No. 42).  According to the ADH defendants' motion, the parties agreed to exchange discovery requests on Friday, May 6, 2016, between 4:00 and 5:00 p.m. at the Attorney General's office, which is consistent with the information previously submitted by Ms. Brown.  The ADH defendants made the arrangement because Ms. Brown sent correspondence to Katina Hodge, her opposing counsel, indicating that Ms. Brown did not want the documents mailed to her.[3]  According to the ADH defendants, in addition to refusing service by mail, Ms. Brown did not accept most phone calls and did not return phone calls.  She allegedly communicated with opposing counsel by having multiple unidentified people, including a small child, hand deliver notes to Ms. Hodge at the Attorney General's office.  Ms. Brown has never disputed these allegations.

According to the ADH defendants' motion, Ms. Hodge prepared the ADH defendants' discovery responses and informed Ms. Brown that she should contact Stephanie Benton when she arrived at the Attorney General's office on May 6, as Ms. Hodge would be traveling that day.

---

[3]  This letter was also included in the materials submitted by Ms. Brown (Dkt. No. 41, at 3).

When Ms. Brown arrived at the Attorney General's office, she requested to see Ms. Hodge, not Ms. Benton. The receptionist told Ms. Brown that Ms. Hodge was out of the office, and as Ms. Brown never asked for Ms. Benton, who was prepared to exchange discovery responses with Ms. Brown, Ms. Brown did not receive the ADH defendants' discovery responses that day. Ms. Brown filed her motion to compel production of these discovery responses, which the Court denied (Dkt. No. 40).

Ms. Brown did not provide responses to the ADH defendants' discovery requests on May 6, 2016, in violation of the parties' agreement. The ADH defendants moved to compel production of Ms. Brown's discovery responses by Friday, May 13, 2016, so that the information contained in the responses could be reviewed prior to Ms. Brown's deposition, which was scheduled to be held Monday, May 16, 2016. The ADH defendants also moved to quash subpoenas directed to Ms. Hodge as well as separate defendant Vickie Jones. The subpoena to Ms. Jones directed her to appear at a deposition at the previously agreed upon time of Ms. Brown's deposition. Ms. Brown only agreed to schedule her deposition after the Court ordered her to do so.

The morning of May 13, 2016, the Court entered an Order granting the ADH defendants' motion to quash subpoenas, motion to compel, and request for order on discovery matters (Dkt. No. 44). The Court directed Ms. Brown to respond to the discovery requests at issue by 5:00 p.m. on May 13, 2016 (*Id.*, at 5). In its Order, the Court warned Ms. Brown that failure to serve the discovery at issue "by e-mail or hand delivery, absent good cause, may result in a request for, and the imposition of, sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure," and that "[a]vailable sanctions include, but are not limited to, striking [her] pleadings in whole or in part, dismissing this action in whole or in part, or treating Ms. Brown as being in contempt of Court" (Dkt. No. 44, at 6). To ensure that Ms. Brown would be aware of the Court's Order as early as

possible, court personnel contacted Ms. Brown by phone on May 12, 2016, to inform her that the Court would be issuing an Order that would include short deadlines for her to act within. Immediately after the Order was entered the morning of May 13, court personnel emailed a copy of the Order to the email address provided by Ms. Brown and attempted to contact her by phone at 10:35 a.m., 11:09 a.m., and 11:57 a.m.  Ms. Brown did not answer her phone when called at 10:35 a.m. and 11:09 a.m., and court personnel's attempts to leave voicemails were unsuccessful because her mailbox was full.  On the third attempted call, the phone was answered and immediately disconnected.  The phone was not answered when court personnel redialed.  Ms. Brown finally answered the fifth attempted call from the Court at 2:08 p.m. on May 13.  Court personnel informed Ms. Brown of the contents of the Court's Order and ultimately assisted Ms. Brown in connecting with opposing counsel prior to the Court's ordered deadline of 5:00 p.m.

On May 20, 2016, the ADH defendants filed their motion for sanctions, including dismissal of plaintiff's complaint (Dkt. No. 45).  According to the motion, Ms. Brown failed to comply with the Court's Order by the ordered deadline, failed to bring the responses to her deposition on May 16, 2016, and continued to refuse to do so (Dkt. No. 45, at 2).  The ADH defendants contended that they were severely prejudiced by not having Ms. Brown's written responses to their discovery requests prior to the depositions.  In reaction to the ADH defendants' motion for sanctions, Ms. Brown filed:  (1) a motion for a Court Order requiring opposing counsel to represent her in this matter; (2) a motion to compel the ADH defendants to provide proof of service of their motion for sanctions on Ms. Brown; and (3) a motion for an extension of time to respond to the motion for sanctions, based on her argument that the motion for sanctions was improperly served on her (Dkt. Nos. 47; 48; 49).

On July 22, 2016, the Court held a hearing on the ADH defendants' motion for sanctions (Dkt. No. 52).  At the hearing, Ms. Hodge claimed, and Ms. Brown did not dispute, that Ms. Hodge propounded written discovery to Ms. Brown via Mr. Washington, who was representing Ms. Brown at the time.  Ms. Hodge later forwarded those discovery requests directly to Ms. Brown after Mr. Washington withdrew as Ms. Brown's counsel.  Ms. Brown acknowledged that she received a copy of the interrogatories at issue at least as early as April 22, 2016, when Ms. Hodge emailed them to her.  According to Ms. Hodge, Ms. Brown never responded to her discovery requests, in violation of the Federal Rules of Civil Procedure and the Order entered by the Court on May 13, 2016.  Ms. Hodge claimed that the ADH defendants were severely prejudiced by not having Ms. Brown's responses to their discovery requests prior to the deposition, and offered a transcript of the deposition to corroborate this claim.  Ms. Hodge also listed a number of Ms. Brown's actions throughout this case that Ms. Hodge argued demonstrate that Ms. Brown's misconduct was willful and in bad faith.

In response to Ms. Hodge, Ms. Brown argued that the written discovery at issue, a set of interrogatories and requests for production, violated Federal Rule of Civil Procedure 33. According to Ms. Brown, she previously answered interrogatories while she was represented by Mr. Sutter.  Based on that alleged fact, Ms. Brown argued that her refusal to answer the interrogatories at issue was warranted, because the interrogatories exceeded the number allowed by Rule 33.[4]  In response to Ms. Brown, Ms. Hodge contended that the set of interrogatories at issue was the first set propounded by the ADH defendants on Ms. Brown.  Ms. Hodge explained

---

[4] Ms. Hodge, on behalf of the ADH defendants, argued that Ms. Brown had not previously raised an objection to the number of interrogatories prior to the Court's July 22, 2016 hearing.  Ms. Hodge argued that, even if the number of interrogatories exceeded the number allowed by Rule 33, Ms. Brown waived her objection by not making it sooner.

that Ms. Brown had actually propounded three sets of interrogatories on the ADH defendants—two sets when Ms. Brown was represented by Mr. Sutter and one set when Ms. Brown was represented by Mr. Washington—and that the ADH defendants chose to respond to all three sets of interrogatories despite the fact that the number of interrogatories propounded by Ms. Brown exceeded the number allowed by Rule 33.

The Court reminded Ms. Brown that she has an obligation under the Federal Rules of Civil Procedure to answer a certain number of interrogatories propounded on her. Ms. Brown told the Court that she complied with her obligation when she was represented by Mr. Sutter. The Court directed Ms. Brown to produce the written responses that she claimed satisfied her obligation and informed Ms. Brown that, if she believed she had answered interrogatories already such that she did not believe she needed to answer any more, Ms. Brown needed to produce for inspection what she believed were the interrogatories she previously answered. In other words, the Court asked Ms. Brown to produce to the Court for inspection her discovery responses. The Court took the pending motions, including a verbal motion for appointment of counsel made by Ms. Brown at the hearing, under advisement and adjourned the hearing.

After the Court's July 22, 2016, hearing, Ms. Brown did not file or otherwise submit any of the written responses that she claimed she had previously completed. The Court held another hearing on November 8, 2016, to assess the status of the case and to determine whether any progress had been made in discovery since the Court's previous hearing, before ruling on the ADH defendants' motion for sanctions. Ms. Hodge informed the Court that the ADH defendants had not received any written discovery or anything else from Ms. Brown since the Court's previous hearing. Ms. Brown did not dispute that there had not been any progress in discovery in the months after the previous hearing. The Court questioned Ms. Brown about the discovery responses Ms.

Brown claimed she had exchanged with the ADH defendants during the time she was represented by Mr. Sutter.  Ms. Brown claimed that she believed "that there are still discovery interrogatories out there" because there was a statement in Mr. Sutter's file on her case indicating that he had conducted discovery.  The Court asked Ms. Brown if she had a complete copy of her file from Mr. Sutter.  Ms. Brown confirmed that she had recently acquired a complete copy of her file from Mr. Sutter, but she represented that the discovery responses she claims to have completed were not in the file.  Despite this fact, Ms. Brown continued to insist that she answered interrogatories when she was represented by Mr. Sutter, meaning the interrogatories at issue violated Federal Rule of Civil Procedure 33 because they exceeded the number of permissible questions.  Ms. Brown maintained that the ADH defendants had a copy of her earlier discovery responses; Ms. Hodge insisted they did not.

Based on the information provided at the November 8, 2016, hearing, the Court issued an Order granting Ms. Brown's motion for an extension of time to respond to the ADH defendants' motion for sanctions (Dkt. No. 57).[5]  The Court directed Ms. Brown "to submit, as an attachment to her response to the defendants' motion for sanctions, any written answers or responses she has submitted to discovery requests submitted to her by the defendants" (*Id.*, at 2).

Ms. Brown had up to and including November 22, 2016, to submit her response to the ADH defendants' motion for sanctions.  On November 18, 2016, she filed a motion to appoint counsel and a motion for leave to proceed *in forma pauperis* (Dkt. Nos. 58; 59).  She filed her response to the motion for sanctions on November 22, 2016 (Dkt. No. 60).  In her response, Ms. Brown argues that the motion for sanctions should be denied because "[d]efendant's [sic] lawyer

---

[5]  At the Court's November 8, 2016, hearing, the ADH defendants objected to the Court's decision to grant Ms. Brown's motion.

did not satisfy her meet and confer obligations before filing" the motion for sanctions (*Id.*, at 1). Ms. Brown also contends that the motion for sanctions should be dismissed because her action is meritorious (*Id.*). Finally, Ms. Brown threatens to seek sanctions against her opposing counsel "for the [m]eritless sanctions motion filed in violation of important procedural requirements" and "the fact that Defendant's lawyer has flouted the rules here [b]efore filing meritless motion for sanctions and dismissal of complaint [sic]" (*Id.*).

A document responding to interrogatories is attached to Ms. Brown's response (*Id.*, at 3-19). The document is undated and is labeled as work product (*Id.*, at 3; 14). The interrogatories and requests for production are identical to the set of interrogatories and requests for production that were propounded on Ms. Brown on August 31, 2015, after Mr. Washington had entered an appearance as her counsel (Dkt. No. 42-5; Dkt. No. 60, at 3-19). It was not an earlier or different set of interrogatories; it is identical to the discovery request at issue in the motion for sanctions.[6] In fact, the document provided by Ms. Brown indicates that Ms. Brown was submitting her responses "by and through [her] attorney, *Ralph Washington*" (Dkt. No. 60, at 3) (emphasis added).

Replying to Ms. Brown's response, the ADH defendants maintain that "the attachments to Plaintiff's response have never been submitted to the undersigned counsel for the Defendants" (Dkt. No. 61, at 2). The ADH defendants also argue that Ms. Brown's submission is "woefully deficient and partially illegible—so deficient that they should be consider[ed] non-responsive and sanctionable pursuant to Federal Rule of Civil Procedure 37(a)(4)" (*Id.*).

---

[6] Ms. Brown either intentionally or inadvertently omitted Request for Production 9 from her response to the ADH defendants' first set of interrogatories and request for production (Dkt. No. 60, at 10).

### II.      Legal Standard

The ADH defendants move for sanctions pursuant to Federal Rule of Civil Procedure 37 (Dkt. No. 45, at 3).  They argue that the dismissal of Ms. Brown's complaint is an appropriate sanction for her conduct (*Id.*).  Alternatively, they request that, "if Plaintiff's case is dismissed without prejudice, that she be required to pay Defendants cost prior to refiling this action or any related action" (*Id.*, at 3-4).

"Under Rule 37, '[d]ismissal as a discovery sanction is available only if there is (1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice.'" *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (quoiting *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir.2014)).  Dismissal with prejudice is an "extreme sanction." *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, No. 15-1743, 2016 WL 3144679, at \*2 (8th Cir. June 6, 2016).  Even in cases where a district court finds that a plaintiff's conduct was sanctionable, the court must normally "investigate whether a sanction less extreme than dismissal would suffice." *Comstock*, 775 F.3d at 992.  However, further investigation is unnecessary in cases where "the party's failure was deliberate or in bad faith." *Id.*

### III.     Discussion

#### A.      Motion For Sanctions

The Court finds that the dismissal of Ms. Brown's complaint is available as a discovery sanction because:  (1) the Court's May 13, 2016, Order compelled Ms. Brown to submit her responses to the ADH defendants' first set of interrogatories and requests for production; (2) Ms. Brown intentionally and repeatedly failed to comply with the Court's Order, despite being given multiple chances to do so; and (3) Ms. Brown's failure to comply with the Court's Order caused

prejudice to the ADH defendants. *Id.* ("Dismissal of Comstock's lawsuit was available as a discovery sanction because the August 2012 order compelled discovery, and the court found that Comstock intentionally failed to comply with the order, thereby causing prejudice to UPS.").

In its May 13, 2016, Order, the Court granted the ADH defendants' motion to compel and directed Ms. Brown to respond to the ADH defendants' first set of interrogatories and request for production by 5:00 on May 13, 2016 (Dkt. No. 44, at 5). There is no dispute that Ms. Brown had a copy of the ADH defendants' first set of interrogatories and request for production when the Court entered its Order and that Ms. Brown did not attempt to comply with the Court's Order until she filed her response to the ADH defendants' motion for sanctions on November 20, 2016. There also can be no dispute that the ADH defendants were prejudiced as a result of Ms. Brown's actions. The Court has reviewed the transcript of Ms. Brown's deposition and finds that Ms. Brown's failure to respond to discovery frustrated the proceeding. The ADH defendants were also prejudiced by the fact that their counsel was required to appear at and prepare for two hearings before Ms. Brown finally submitted responses to simple discovery requests. Further, Ms. Brown's conduct has impacted the ADH defendants' ability to investigate the merits of her claim. This action has been removed from the Court's trial calendar because Ms. Brown has refused to cooperate in discovery. For these reasons, the Court concludes that dismissal is available as a potential sanction.

The Court also finds that dismissal of Ms. Brown's complaint with prejudice is an available sanction, without this Court being required to consider less extreme sanctions, because there is evidence in the record to support that Ms. Brown's conduct was deliberate and in bad faith. For these reasons, under the controlling case law, the Court is not obligated to investigate whether a sanction less extreme than dismissal would suffice. *See Comstock*, 775 F.3d at 992.

Ms. Brown has offered a single reason for her continued refusal to respond to the ADH defendants' first set of interrogatories and requests for production:  she repeatedly insisted that she responded to previous interrogatories during the time she was represented by Mr. Sutter, leading her to contend that the set of interrogatories propounded to her on August 31, 2015, exceeded the number allowed by Federal Rule of Civil Procedure 33 and, therefore, did not require a response from her.  After giving Ms. Brown multiple opportunities to submit these alleged prior discovery responses to the Court for review, the Court finally demanded that Ms. Brown submit a copy of her earlier discovery responses as an attachment to her response to the ADH defendants' motion for sanctions.  The document that Ms. Brown submitted is clearly not what she claims it to be.

The first portion of the document, which is typed, was prepared when Ms. Brown was represented by Mr. Washington in 2015, as there are multiple references to Mr. Washington as Ms. Brown's counsel (Dkt. No. 60, at 3; 14).  The second portion, which is handwritten, was not prepared by Mr. Sutter as it responds to the interrogatories and requests for production that were first submitted to Ms. Brown on August 31, 2015, after Mr. Sutter withdrew as Ms. Brown's counsel.  Despite these obvious facts, Ms. Brown continues to attempt to pass off this document as the discovery responses she claims justify her protracted refusal to respond to the ADH defendants' discovery requests and her refusal to abide by this Court's Order regarding discovery. This is some evidence of bad faith.  This filing and Ms. Brown's continued refusal to respond to the ADH defendants' discovery requests, along with the other examples of her conduct that frustrated the discovery process, evidence deliberate conduct.

Although the Court concludes that, on these facts, dismissal of this action with prejudice is available as a discovery sanction and Ms. Brown's conduct was deliberate and in bad faith, the Court will consider whether less severe sanctions than dismissal with prejudice of her complaint

will suffice to bring about Ms. Brown's compliance.  For this reason, the Court imposes the following sanctions:

(1)    For her conduct, the Court determines that Ms. Brown has waived any objections to the interrogatories and requests for production submitted to Ms. Brown on August 31, 2015.   She is directed to respond fully and legibly to each of these interrogatories and requests for production, which are attached as an exhibit to this Order, within seven days from the entry of this Order.  Her failure to comply with this Order may result in the dismissal with prejudice of her case.

(2)    In addition, if the ADH defendants opt to do so, after receiving complete discovery responses, they may re-depose Ms. Brown.  If the ADH defendants opt to proceed with another deposition of Ms. Brown, she will be required to provide three dates on which she may be deposed within a reasonable time from the ADH defendants' request. Her failure to do so may result in the dismissal with prejudice of her case.

(3)    Further, as a result of her conduct, the Court determines that Ms. Brown is required to reimburse the ADH defendants the reasonable cost of counsel's time and the expense incurred in the filing of the May 12, 2016, motion; compliance with the Court's May 12, 2016, Order; and the May 16, 2016, deposition of Ms. Brown during which the ADH defendants did not have the benefit of Ms. Brown's discovery responses due to her dilatory tactics.  The Court also orders that Ms. Brown reimburse the ADH defendants the reasonable cost of counsel's time in preparing for and attending the two hearings this Court conducted regarding these discovery matters.  Counsel for the ADH defendants is directed to submit a petition for fees and costs that complies with this Court's Order within seven days from the entry of the Order.  The Court will examine that petition and direct by

separate Order that Ms. Brown pay reasonable costs and fees within a time certain.  Ms. Brown's failure to do so may result in the dismissal with prejudice of her case.

(4)     Ms. Brown is required to provide an address at which she will receive mail from the Court and from the opposing parties and their counsel in this case.  She is required to receive and review mail sent to her regarding this litigation.  Her failure to do so may result in the dismissal of her case.  *See* Local Rule 5.5(c)(2) of the United States District Courts for the Eastern and Western Districts of Arkansas.

(5)     Ms. Brown is required to respond promptly to all communications sent to her by the Court and the opposing parties or their counsel, including but not limited to telephone calls, telephone messages, electronic mail messages, and mail.  Her failure to do so may result in the dismissal of her case.  *See* Local Rule 5.5(c)(2) of the United States District Courts for the Eastern and Western Districts of Arkansas.

### B.     Motion For The Appointment Of Counsel

Ms. Brown had counsel – two attorneys moved to withdraw from representation of her. She now proceeds *pro se* and did throughout the time of the events giving rise to this motion.  Her conduct as outlined in this Order is not the result of any lawyer's misguided advice or tactics.  She now moves the Court for the appointment of counsel (Dkt. No. 58).

Her motion is denied without prejudice (Dkt. No. 58).  In civil cases, there is no constitutional or statutory right to appointed counsel. *Edgington v. Mo. Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995).  Rather, a court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Eighth Circuit Court of Appeals has delineated certain criteria for district courts to consider in deciding whether to recruit counsel, including the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and

the ability of the indigent plaintiff to investigate the facts and present her claims. *Phillips v. Jasper Cnty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). Given the facts and circumstances of this matter, considering the relevant criteria, the Court denies without prejudice Ms. Brown's motion.

### C.      Motion For Leave To Proceed *In Forma Pauperis*

Ms. Brown also moves for leave to proceed *in forma pauperis* (Dkt. No. 59). Ms. Brown submitted a form from the District Court of Pulaski County, Arkansas, not from this Court in the Eastern District of Arkansas. Regardless, based on the Court's review of Ms. Brown's submission regarding her finances, her motion is denied (Dkt. No. 59).

### IV.      Conclusion

The ADH defendants' motion for sanctions is granted in part (Dkt. No. 45). The Court finds that sanctions for Ms. Brown's conduct are appropriate under Federal Rule of Civil Procedure 37. This Order outlines the sanctions imposed. For the reasons set forth in this Order, Ms. Brown's motion for appointment of counsel and motion to proceed *in forma pauperis* are denied (Dkt. Nos. 58, 59). Ms. Brown's motion to claim and exercise constitutional rights is denied (Dkt. No. 64).

So ordered this the 3rd day of March, 2017.

_____
Kristine G. Baker
United States District Judge